1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES AVIATION
UNDERWRITERS, INC.,

       Plaintiff,

    v.

NABTESCO CORP., *et al.*,

       Defendants.

Case No.  C07-1221RSL

ORDER DENYING PLAINTIFF'S
MOTION TO AUTHORIZE
SERVICE OF PROCESS BY
ALTERNATIVE MEANS

## I.  INTRODUCTION

    This matter comes before the Court on "Plaintiff's Motion to Authorize Service of Process by Alternative Means" (Dkt. #6).[1]  On August 6, 2007, plaintiff filed a complaint asserting strict liability and negligence claims under RCW 7.72.010 based on allegations that defendant designed and manufactured defective aircraft landing gear that collapsed on or about September 26, 2005.  Complaint at 4-5.  Plaintiff now requests that the Court authorize service of process on defendant, a Japanese corporation, under Fed. R. Civ. P. 4(f)(3) by international

---

[1] The Court notes at the outset that the format of plaintiff's motion fails to comply with Local Civil Rule 10(e).  Plaintiff's counsel is strongly urged to comply with the required format in any future filings with the Court.  See Appendix A to the Local Civil Rules.

ORDER DENYING PLAINTIFF'S MOTION
TO AUTHORIZE SERVICE OF PROCESS
BY ALTERNATIVE MEANS       1

certified mail, fax, e-mail and/or Federal Express overnight courier.  Motion at 5.  For the reasons set forth below, the Court denies plaintiff's motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h)(2) allows service of process upon a foreign corporation to be effected "in any manner prescribed for individuals by subdivision [4](f) except personal delivery."  Rule 4(f) authorizes several methods for service of process, including service by internationally agreed means or by court dispatched mail requiring a return receipt. Additionally, Fed. R. Civ. P. 4(f)(3) grants courts the discretion to authorize service "by other means not prohibited by international agreement."  Although international agreement would not prohibit service by at least one of plaintiff's specified methods, plaintiff's rationale for requesting service by alternative means fails to meet the guidelines for the exercise of discretion provided by the advisory committee notes to Rule 4 and Ninth Circuit authority.

**A.      International agreement does not prohibit service of process by postal channels.**

Both the United States and Japan are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").  Since all of plaintiff's proposed methods for serving process involve transmitting documents abroad, the Hague Convention applies.  <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 700 (1988). The Hague Convention does not prohibit service of process by international mail, so long as the receiving country does not object.  <u>Brockmeyer v. May</u>, 383 F.3d 798, 803 (9th Cir. 2004).  The persuasive authority cited in plaintiff's motion indicates that Japan has not objected to the use of postal channels under Article 10(a) of the Hague Convention.  <u>See</u> <u>Schiffer v. Mazda Motor Corp.</u>, 192 F.R.D. 335, 338-39 (N.D. Ga. 2000) (citing the report by the 1989 Special Commission on the operation of the Hague Convention, the Japanese delegation's statement to the Special Commission, and the United States Department of State's opinion explaining the statement of the Japanese delegation).  Accordingly, the Court finds that international law does not prohibit plaintiff's request to serve defendant through international certified mail.

**B.      Plaintiff has not shown sufficient cause to merit service by alternative methods.**

Although international law does not prohibit service by international certified mail, this lack of prohibition alone is insufficient to grant plaintiff's motion.  While there is no bright-line rule for when service under Rule 4(f)(3) is appropriate, the Fed. R. Civ. P. advisory committee and the Ninth Circuit have addressed situations when international service by alternative methods is appropriate.

The advisory committee notes to Rule 4 provide guidance for the Court's exercise of discretion to authorize alternative means of service in two ways.  First, the advisory notes provide examples of situations that might merit alternative means of service.  The most pertinent example provided is the failure of a country's Central Authority to effect service within the six-month period provided by the Hague Convention.  Fed. R. Civ. P. 4 advisory committee's notes (1993 Amendment, subdivision (f)).  Second, the advisory notes caution courts to devise a method of service that is "consistent with due process and minimizes offense to foreign law." Id.

In Rio Properties, Inc. v. Rio Int'l Interlink,  284 F.3d 1007 (9th Cir. 2002), the district court authorized service on the defendant, a foreign corporation headquartered in Costa Rica, by e-mail and regular mail.  Id. at 1013.  Subsequent to receiving this authorization, the plaintiff made multiple good faith yet unsuccessful efforts to serve the defendant.  Id.  On appeal, the Ninth Circuit upheld the district court's authorization of service by alternative means.  Id. at 1018-19.

Based on this authority, plaintiff's request to use Rule 4(f)(3) simply because it "will be much faster, thus moving this case forward in an expeditious and cost-effective manner," Motion at 5, by itself is not sufficient justification for the Court to authorize service by alternative method.  Plaintiff cites no reason why the methods specified by Fed. R. Civ. P. 4(f)(1) and (2) would be ineffective, unlike Rio Properties where the defendant was "elusive"

and "striving to evade service of process."  <u>Rio Properties</u>, 284 F.3d at 1016.  Because the requirements for due process and respect for international law outweigh plaintiff's desire to proceed expeditiously, the Court finds insufficient cause to authorize service by alternative means.

### III.  CONCLUSION

For all of the foregoing reasons, "Plaintiff's Motion to Authorize Service of Process by Alternative Means" (Dkt. #6) is DENIED.


DATED this 10th day of October, 2007.


Robert S. Lasnik
United States District Judge